UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:16-CV-05504-CAS (AJWx) | Date | January 13, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA, EX REL. LINDA DIBENEDETTO V. VALLEY VIEW DRUGS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:** (IN CHAMBERS) -MOTION TO STAY ACTION PENDING JUDGMENT IN CRIMINAL PROCEEDINGS (Dkt. 79, filed on DECEMBER 15, 2022)

The Court finds that the motion to stay action pending judgment in criminal proceedings is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

I.     **INTRODUCTION AND BACKGROUND**

On July 22, 2016, relator Linda Dibenedetto filed a complaint under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, against defendants Valley View Drugs, Inc. ("Valley View"); David Michael Jensen; Pro-Med Marketing, LLC; John Pal Singh Janda; Western Medical Solutions, Inc.; Gary Dean Schoonover; Samia Solutions, LLC; Michael Steven Sinel; Michael David Roub; Edward's Healthy Living Pharmacy, Inc. ("Ed's"); and Trojan Medical Billing, Inc. ("Trojan"). Dkt. 1. The relator alleges that Valley View, a pharmacy that prepares and dispenses compounded drugs, and its owner Jensen paid kickbacks to physicians to induce them to prescribe drugs compounded and dispensed by Valley View and Ed's. Id. ¶¶ 37-54. Valley View allegedly created and used Trojan as a billing entity to seek government reimbursement for illegally prescribed drugs. Id. ¶ 50. The other defendants are physicians and marketers to whom Valley View allegedly paid kickbacks. Id. ¶¶ 37-54. The relator alleges that the United States was defrauded out of at least $20 million as a result of this scheme. Id. ¶ 53.

In June 2016, a grand jury returned an indictment bringing criminal charges against defendants Jensen, Janda, Sinel, Roub, and Schoonover, in connection with the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-CV-05504-CAS (AJWx) | Date | January 13, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA, EX REL. LINDA DIBENEDETTO V. VALLEY VIEW DRUGS, INC., ET AL. | | |

conduct that is the subject of this civil action. See Dkt. 79, Exh. A. Specifically, these defendants were charged with conspiracy to solicit, receive, and pay illegal renumeration for health care referrals, in violation of 18 U.S.C. § 371; illegal renumerations for health care referrals, in violation of 42 U.S.C. §§ 1320a-7b(b)(1)(A), (b)(2)(A); and aiding and abetting, in violation of 18 U.S.C. § 2. Id. See generally United States v. David Michael Jensen, et al., 2:16-CR-00412 (FMO).

On October 21, 2022, the United States notified the Court of its decision not to intervene in this action. Dkt. 77. The Court then ordered that the action be partially unsealed and that the relator serve the complaint on defendants. Dkt. 78. On December 15, 2022, the relator filed a motion to stay the case pending judgment in the parallel criminal proceedings. Dkt. 79. On December 29, 2022, the United States filed a notice of non-opposition to the motion to stay. Dkt. 80. The relator's motion is presently before the Court.

## II.     LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are permitted under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. Id. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Although there is no requirement that a court stay a civil action pending the outcome of a related criminal proceeding, a court may choose to do so "when the interests of justice seem [ ] to require such action." Keating, 45 F.3d at 324 (quotation marks omitted).

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." Id. In addition, Keating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-CV-05504-CAS (AJWx) | Date | January 13, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA, EX REL. LINDA DIBENEDETTO V. VALLEY VIEW DRUGS, INC., ET AL. | | |

instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." Id. Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). In such cases, allowing the civil action to proceed may burden or implicate the assertion of defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. Id. at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. Id.

### III.   DISCUSSION

In the relator's motion for a stay, she contends that staying the civil action until judgment is entered in the criminal proceedings against defendant Jensen would serve the interests set forth in the Keating factors because the criminal defendants have already pled guilty and final judgment entered in the criminal action estops the defendants from denying that the essential elements of the civil claims for relief are met. Dkt. 79 at 4. According to the relator, a denial of the requested stay would impose unnecessary costs on the parties and the Court by requiring the parties to litigate issues that will soon be determined by entry of judgment in the criminal action. Id. at 4-5.

Weighing the relevant factors, the Court finds it appropriate to stay the civil action until judgment is entered in the criminal proceedings against Jensen. As the relator contends, a stay would further her interest in expeditiously resolving the litigation because, pursuant to 31 U.S.C. § 3731(e), a final judgment entered in the criminal proceedings would estop the civil defendants from denying the essential elements of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-05504-CAS (AJWx) | Date | January 13, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA, EX REL. LINDA DIBENEDETTO V. VALLEY VIEW DRUGS, INC., ET AL. | | |

claims for relief brought under § 3730. See 31 U.S.C. § 3731(e) ("a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, [including] upon a plea of guilty . . . shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730"). Therefore, requiring the relator to prosecute the civil action by, for example, pursuing discovery and motion practice on her claims for relief, would impose unnecessary litigation costs on her and frustrate expeditious resolution of this case. This Keating factor thus weighs in favor of granting a stay. See Keating, 45 F.3d at 325 (weighing "the interest of the plaintiffs in proceeding expeditiously with th[e] litigation").

For the same reason, the interests of defendants, who have already pled guilty in the criminal action, would not be unduly prejudiced by a stay; on the contrary, requiring defendants to defend the civil action would likely cause them to incur unnecessary litigation costs. Furthermore, defendants have not filed an opposition to the relator's motion articulating any interests that would be prejudiced by a stay. The Court additionally notes that the civil and criminal actions overlap to a substantial degree, as they are based on the same allegations of fraud. Requiring defendants to defend the civil action could therefore implicate defendants' Fifth Amendment rights. See Dresser, 628 F.2d at 1375-76. Accordingly, the Court concludes that defendants' interests would be served by granting a stay of the civil action. See Keating, 45 F.3d at 324-25 (weighing the burden of a stay on defendants and "the extent to which defendants' fifth amendment rights are implicated") (internal quotation marks omitted).

The remaining Keating factors likewise favor issuance of a stay here. Staying the civil action until a criminal judgment is entered against Jensen would preserve judicial resources by eliminating the need to litigate the issues that defendants would be estopped from denying pursuant to 31 U.S.C. § 3731(e). See Keating 45 F.3d at 325 (considering "convenience of the court in management of its cases, and the efficient use of judicial resources"). Third parties who are potential subjects of discovery, including witnesses that the parties would seek to depose, would similarly benefit from the stay, as the need for discovery may be eliminated by resolution of the criminal proceedings. See id. (weighing "the interests of persons not parties to the civil litigation"). Finally, the public interest weighs in favor of granting the stay because avoiding unnecessary expenditure of judicial resources would save taxpayers costs. Additionally, the public has an interest in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:16-CV-05504-CAS (AJWx) | Date | January 13, 2023 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA, EX REL. LINDA DIBENEDETTO V. VALLEY VIEW DRUGS, INC., ET AL. | | |

expeditious vindication of the interests served by the False Claims Act here, including the prevention of healthcare fraud against the United States, misappropriation of patient health information, and unnecessary prescription of compounded medications, which are not approved by the FDA. See dkt. 79, Exh. A at 12-16; Keating, 45 F.3d at 325 (considering "the interest of the public in the pending civil and criminal litigation").

In light of these considerations, the United States' statement of non-opposition, and the fact that defendants have not opposed the stay, the Court finds that a stay of the civil proceedings is appropriate.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the relator's request for a stay of the civil proceedings until final judgment is entered against Jensen in the parallel criminal action.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |